# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

vs.                                                     No. 18-cv-539 WJ-CG

KEEFE COMMISSARY NETWORK, LLC,
*doing business as* ACCESS CORRECTIONS,
JAMES BEATTY, *Lt. Grievance Officer*,
MIKE SILVA, *Correctional Officer*,
and JOHN DOE NUMBERS 1-100,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *Pro Se* Tort Complaint (Doc. 1-1). Also before the Court are various miscellaneous motions filed by Plaintiff and Defendants (Docs. 3, 4, 6, 8, 9, 12, 14, and 20). Plaintiff contends prison officials scratched his MP4 music player and then failed to follow grievance procedures. Having reviewed the matter under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A, the Court will dismiss the Complaint, grant leave to amend certain claims, and deny all further relief.

## **BACKGROUND**[1]

Until recently, Plaintiff was incarcerated at the Northeast New Mexico Detention Facility (NNMDF). On or about November 29, 2017, he sent his MP4 music player to Keefe Commissary

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-1) and the relevant supplements thereto (Docs. 1-2, 5, 16, and 17). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

Network (Keefe Commissary) for repair. The MP4 player was less than a year old and did not have any superficial damage, but it would not download music. Keefe Commissary repaired the device and returned it to the wrong prison (Central New Mexico Correctional Facility, or "CNMCF"). CNMCF shipped the MP4 player to Plaintiff at NNMDF about nine days later. When Plaintiff received the MP4 player, he noticed the face was scratched and it "appeared to [have] been dragged across something." Doc. 1-1 at 3. Plaintiff alleges Keefe Commissary deliberately sent his MP4 player to the wrong prison, and that CNMCF mailroom clerk Mike Silva caused the damage.

On December 21, 2017, Plaintiff filed an informal grievance against CNMCF "for the damage done to [his] MP4, as they were the last ones to have possession of it." Doc. 1-1 at 3. The grievance was marked as "unresolved" with the notation: "will forward to RDC [CNMCF's Receiving and Diagnostic Center] to answer." *Id.* Plaintiff believes it should have instead been sent to CNMCF's warden or grievance officer, since the Receiving and Diagnostic Center only handles incoming inmates. On February 13, 2018, Plaintiff filed a formal grievance with Lieutenant James Beatty. The grievance was denied. Plaintiff appealed, arguing that NNMDF failed to properly forward the grievance to CNMCF, as required by NMDOC Correctional Policy CD-150501. The appeal was also denied.

On March 29, 2018, Plaintiff filed the complaint in New Mexico's Eighth Judicial District Court, Case No. D-818-CV-2018-00031. (Doc. 1-1). He alleges Lieutenant Beatty violated his due process and equal protection rights by denying the grievance. Plaintiff filed an amended complaint several days later, which appears to clarify that Beatty violated the Fourteenth Amendment and Keefe Commissary and Mike Silva "acted deliberately" and committed a tort. (Doc. 1-2). Plaintiff seeks $89 in compensatory damages, plus $1,600 in punitive damages from

2

each Defendant.

Defendant Beatty removed the Complaint to Federal Court on June 12, 2018. Thereafter, the parties filed various dispositive and miscellaneous motions. Plaintiff moved to:

(a) Remand all claims against Keefe Commissary and Mike Silva (Doc. 20);

(b) Proceed to a scheduling conference and conduct discovery (Docs. 4, 8, and 9); and

(c) Obtain a default judgment (Doc. 14).

Defendants moved for a protective order and to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Docs. 3, 6, and 12).

## DISCUSSION

### I. Remand

As an initial matter, Plaintiff asks the Court to remand this case to the Eighth Judicial District Court. (Doc. 20). Because the Complaint alleges state law claims against Keefe Commissary and Mike Silva, Plaintiff argues the removal "left [him] in limbo to collect damages from these two defendants." *Id.* at 2. Plaintiff filed the motion to remand over four months after the case was removed. At this stage in the proceeding, remand is only available if the Federal Court lacks subject matter jurisdiction over the plaintiff's claims. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"). Subject-matter jurisdiction exists where: (1) the parties' citizenship is diverse and the amount in controversy exceeds $75,000; or (2) the face of the complaint raises a federal question. *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003). Federal questions include civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Complaint here alleges that Lieutenant Beatty violated Plaintiff's rights "afforded to [him] under the United States Constitution." Doc. 1-1 at 4. Subject matter jurisdiction is therefore proper in this case. Further, the claims against Keefe Commissary and Mike Silva will not be "left in limbo" - as Plaintiff believes - because federal courts may exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(a). For these reasons, the Motion to Remand (Doc. 20) will be denied.

## II. Dismissal Standards Under Rule 12(b)(6) and Section 1915A

Fed. R. Civ. P. 12(b)(6) requires the Court to accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The complaint must set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Where, as here, a prisoner civil rights action is removed from state court, the Court must also perform a screening function under 28 U.S.C. § 1915A. Under that section, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint … is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). In

4

conducting the § 1915A review, the pleadings of the *pro se* prisoner "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.*

### III.  The Complaint Fails to State a Cognizable Claim

Plaintiff's primary claim is that Lieutenant Beatty failed to adhere to NMDOC's grievance procedures when addressing the scratched MP4 player. According to Plaintiff, such failure violated his due process and equal protection rights. Assuming Plaintiff's allegations are true, his claims fail as a matter of law. The Tenth Circuit has repeatedly held "there is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 Fed. App'x 331, 332 (10th Cir. 2011) (collecting cases).[2] "[W]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Boyd,* 443 Fed. App'x at 332 (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Plaintiff therefore cannot maintain a constitutional claim against Lieutenant Beatty for mishandling the prison grievance process. Further, to the extent Plaintiff generally alleges Lieutenant Beatty violated NMDOC's grievance polices, the policies do not authorize a private right of action for such violation. *See generally Burnett v. Allbaugh,* 715 Fed. App'x 848 (10th Cir. 2017). The Court

---

[2] *See also Von Hallcy v. Clements*, 519 Fed. App'x. 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 Fed. App'x. 743, 749-50 (10th Cir. 2011) (same); *Ciempa v. Ward*, 150 Fed. App'x. 905, 906-07 (10th Cir. 2005) (same).

will therefore dismiss all constitutional claims against Lieutenant Beatty.

With respect to the state claims against Defendants Silva, Keefe Commissary, and "John Doe 1-100," Plaintiff has not specified what law, if any, they allegedly violated. There are no concrete allegations against the unnamed defendants. The Complaint merely alleges that Keefe Commissary sent Plaintiff's MP4 player to the wrong prison, and that CNMCF mailroom clerk Mike Silva scratched the device. These allegations clearly do not state a claim under the federal constitution, the state constitution, or the New Mexico Tort Claims Act, and it is difficult to imagine what additional information, if any, could make a scratched MP4 player actionable. However, because the Tenth Circuit is particularly sensitive about allowing *pro se* plaintiffs to clarify their claims, the Court will dismiss all remaining claims but grant leave to amend. Plaintiff may file an amended complaint within thirty (30) days of entry of this Order. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court may dismiss the case without further notice. Further, any amended complaint is subject to screening under 28 U.S.C. § 1915A. If the amended complaint survives initial review, the Court will order Defendants to file a responsive pleading. Until that time, Defendants are not required to respond to any amended complaint.

## IV. Miscellaneous Motions

The parties also filed the following motions in connection with this § 1983 proceeding:

(1) Plaintiff's motions for discovery and/or a scheduling conference (Docs. 4, 8, and 9);

(2) Defendant Beatty's motion for a protective order (Doc. 12); and

(3) Plaintiff's motion for a default judgment (Doc. 14).

Prisoner complaints are excluded from pre-trial case management procedures, including

discovery obligations, under the Court's local rules. *See* NMLR 16.3(d). As a matter of law, neither party has an obligation to engage in or respond to discovery. If any claim remains after initial screening, the Court will determine at that time whether to hold a Rule 16 discovery conference or, alternatively, rely on the production of a *Martinez* report. The Court will therefore deny all discovery motions (Docs. 4, 8, 9, and 12) as premature. The Court also denies Plaintiff's motion seeking a default judgment against Mike Silva, who did not respond to the Complaint. Pursuant to 42 U.S.C. § 1997e(g)(1)-(2), a defendant may decline to reply to any action brought by an inmate until the Court orders a response.

**IT IS ORDERED** that the Motions to Dismiss (**Docs. 3, 6**) are **GRANTED IN PART;** the Complaint (**Doc. 1-1**) is **DISMISSED WITHOUT PREJUDICE**; and Plaintiff may file an amended complaint **within thirty (30) days of entry of this order.**

**IT IS FURTHER ORDERED** that all other motions (**Docs. 4, 8, 9, 12, 14, and 20**) are **DENIED**.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE